IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Beckley

BARBARA LANE AS ADMINISTRATRIX
OF THE ESTATE OF MAMIE WEAVER,

Plaintiff,

v.

Civil Action No. 5:16-cv-1245
Judge _____

NICHOLAS P. KONNOVITCH, PHARM. D.
RALEIGH GENERAL HOSPITAL, LLC,
A West Virginia Limited Liability Company,
ARABINDA BEHURA, M.D.,
ELIZABETH T. NELSON, M.D.,
GIRISH KOLPURU, M.D. and
PEACHTREE INPATIENT CONSULTING, LLC,
a Foreign Limited Liability Company,

Defendants.

## NOTICE OF REMOVAL OF DEFENDANTS GIRISH KOLPURU, M.D. AND PEACHTREE INPATIENT CONSULTING, LLC

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, the Defendants Girish Kolpuru, M.D. and Peachtree Inpatient Consulting, LLC, by and through their counsel Maria Marino Potter and E. Taylor George, hereby remove this action from the Circuit Court of Raleigh County, West Virginia, to the United States District Court for the Southern District of West Virginia state as follows:

1. On February 6, 2015, the Plaintiff Barbara Lane, in her capacity as Adminstratrix of the Estate of Mamie Weaver, filed suit in the Circuit Court of Raleigh County, West Virginia, Civil Action No. 15-C-90, against Nicholas P. Konnovitch, a pharmacist, Raleigh General Hospital,

LLC, Arabinda Behura, M.D., Elizabeth T. Nelson, M.D., Girish Kolpuru, M.D. and Peachtree Inpatient Consulting, LLC.

2. The Plaintiff in her Complaint asserts a claim for wrongful death of the decedent by and through the Estate predicated on claims of medical negligence on the part of Arabinda Behura, M.D., Elizabeth T. Nelson, M.D., and Girish Kolpuru, M.D., and a medication dispensing error by Nicholas P. Konnovitch. The theory of liability against both Raleigh General Hospital, LLC and Peachtree Inpatient Consulting, LLC, is, according to the Complaint, vicarious liability.

3. The procedural requirements for removal are set forth in 28 U.S.C. § 1446(b). Dr. Kolpuru and Peachtree Inpatient Consulting, LLC fall within the parameters of § 1446(b)(3) which states that if a case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable". 28 U.S.C. § 1446(b)(3).

4. A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; . . ." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that "no party shares common

citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 456, 461 (4th Cir. 1999).

5. Removal requires the consent of all defendants, unless the defendant is a nominal party. *See* 28 U.S.C. § 1446(b)(2)(A); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). In evaluating citizenship for purposes of determining whether complete diversity exists, the court is required only to considers the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S.C. 458, 460-61 (1980). Whether a party is nominal for removal purposes depends on whether the party has an "immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co.*, 736 F.3d at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way". *Id.*

6. As is more set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because (1) the procedural requirements for removal are satisfied and (2) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441.

7. Counsel for Dr. Kolpuru and Peachtree Inpatient Consulting, LLC, first learned that this case was removable on February 1, 2016 when they received by facsimile from the Raleigh County Circuit Clerk a certified copy of the Order Approving Partial Settlement Distribution

which was added upon the Docket shortly before 2:52 p.m. on February 1, 2016 with Certification of its entry as of January 25, 2016. See Exhibits A and B.

8. Pursuant to West Virginia Code § 55-7-7, any settlement of a wrongful death action requires Circuit Court approval which in this case was granted pursuant to entry of the Order Approving Partial Settlement Distribution. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(3) (notice of removal timely if filed within 30 days of receipt of "other paper from which it may first be discerned that the case is one which is has become removable"). With entry of the Order Approving Partial Settlement Distribution, Defendants Konnovitch and Raleigh General Hospital, LLC became nominal defendants.

9. Dr. Behura was, at the time of the filing of the Complaint, a citizen and resident of the Commonwealth of Pennsylvania and Dr. Nelson was a citizen and resident of the State of West Virginia. Dr. Nelson's citizenship alone precluded removal initially. However, by Order entered on October 30, 2015, Dr. Behura and Dr. Nelson were voluntarily dismissed from this action with prejudice.

10. At the time of the filing of this action, the Defendant Nicholas P. Konnovitch was a citizen and resident of the State of West Virginia. As with Dr. Nelson, the citizenship of Defendant Konnovitch likewise precluded removal of this matter to federal court initially. The Complaint also alleges that Raleigh General Hospital, LLC is a foreign limited liability company.

11. The Defendant Girish Kolpuru, M.D. was at the time of the filing of the Complaint and remains a foreign national, a citizen of the Republic of India. Dr. Kolpuru is present in the United States on a non-immigrant H-1B Visa. Dr. Kolpuru is, thus, not a lawful permanent resident of the United States.

12. Peachtree Inpatient Consulting, LLC was at the time of the filing of the Complaint and remains a Limited Liability Company organized under the laws of the State of Tennessee, having its principal place of business within the State of Tennessee, specifically, 324 Leslie Court, Bristol, Tennessee. As a limited liability company, the citizenships of the members are relevant. No member of Peachtree is a citizen of the State of West Virginia. The three members are all natural persons, one of whom is a citizen of the Commonwealth of Virginia, with the remaining two being citizens of the State of Tennessee. Peachtree is, therefore, a citizen of Tennessee, a State other than West Virginia.

13. As a result of formal mediation in this case, the Plaintiff and Defendants Konnovitch and Raleigh General Hospital, LLC entered an agreement for a proposed settlement payment of $120,000 subject to court approval, consistent with West Virginia Code § 55-7-7. On November 12, 2015, the Plaintiff filed her Petition For Approval Of Wrongful Death Partial Settlement seeking the Circuit Court's approval of the proposed settlement. (*See* Exhibit B Petition For Approval Of Wrongful Death Partial Settlement).

14. On December 14, 2015, the Circuit Court held an evidentiary hearing on Plaintiff's proposed settlement with Defendants Konnovitch and Raleigh General Hospital, LLC in which

she testified, under oath, that she understood if the Circuit Court approved the proposed settlement no further claims could be pursued against Defendants Konnovitch and Raleigh General Hospital, LLC on the instant case.

15. At the close of the December 14, 2015 evidentiary hearing, the Circuit Court directed that additional information concerning beneficiaries be submitted before it would consider an order approving the partial settlement. On December 30, 2015, the Plaintiff submitted her Supplement To Petition For Approval Of Wrongful Death Partial Settlement providing affidavits from each beneficiary concerning the proposed settlement.

16. Defendants Konnovitch and Raleigh General Hospital, LLC became nominal Defendants when the Court approved the proposed settlement of the wrongful death action via the Order Approving Settlement Distribution of January 25, 2016 which was received by counsel for Dr. Kolpuru and Peachtree Inpatient Consulting, LLC on February 1, 2016.

17. The consent to removal of Defendants Konnovitch and Raleigh General is not required as these Defendants are nominal parties. *See* 28 U.S.C. § 1446(2)(A); *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 460-61 (1980) ("Early in its history, this Court established that 'citizens' upon whose diversity plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). (citations omitted); *In re Bridgestone/Firestone, Inc. Tires Prods. Liad. Litig.*, 287 F. Supp. 2d 940, 942 (S.D. Ind. 2003)

(co-defendant, "having settled with the plaintiffs, was a nominal defendant whose joinder and removal was not required.").

18. No previous application has been made for the relief requested herein.

19. As required by 28 U.S.C. §1446(a), Dr. Kolpuru and Peachtree Inpatient Consulting, LLC attach a copy of all process, pleadings and orders served upon them as Exhibit B.

20. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for all parties and a copy is being mailed to the Circuit Court of Raleigh County, West Virginia. See Exhibit C.

21. Removal is proper because the Court has subject matter jurisdiction under 28 U.S.C. §1332 and 1441.

22. Removal is proper under 28 U.S.C. §1332 because: (1) all pertinent parties are completely diverse; and (2) the claims at issue place more than $75,000 in controversy, exclusive of cost and interests. A verbal demand was made by Plaintiff at formal mediation for settlement in the amount of $120,000 to Dr. Kolpuru and his employer Peachtree Inpatient Consulting, LLC.

23. The Plaintiff's Complaint does not state a dollar amount as such is not permitted under West Virginia's Medical Professional Liability Act. See W.Va. Code § 55-7-7B-1 *et. seq.*

However, the Medical Professional Liability Act permits recovery in actions predicated on wrongful death for noneconomic (emotional) damages of $500,000 with an index for inflation that presently places the cap at more than $600,000. The Complaint challenges the Constitutionality of all damage caps and thus demonstrates Plaintiff is seeking an amount in excess of the jurisdictional minimum of $75,000. Additionally, there has been no stipulation that Plaintiff would not seek more than $75,000 or would not accept a verdict in excess of $75,000.

24. In her Complaint, Plaintiff seeks a variety of damages including special, general, and punitive damages. These alleged damages are facially apparent to be in excess of the required jurisdictional limit. As previously stated, Plaintiff also alleges in her Complaint that any statutory damage cap is unconstitutional, from which it may be inferred that she claims greater than that amount of damages permitted for noneconomic damages under West Virginia Code § 55-7B-8. Additionally, Plaintiff has demanded in excess of the jurisdictional amount of $75,000.00. Under West Virginia law, Plaintiff's recovery is theoretically unlimited, except for the noneconomic $1,000,000.00 statutory damage cap of West Virginia Code § 55-7B-8 and only a binding stipulation that she would not seek nor accept more than $75,000.00, could limit recovery. *See, Hicks v. Herbert*, 122 F.Supp.2d. 699 (S.D.W.V. 2000). Plaintiff has not entered into any such stipulation. Without conceding that Plaintiff is entitled to any damages, which is expressly denied, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount required under 28 U.S.C. §1332(a).

25. As a result of the above information, the case is removable to the United States District Court for the Southern District of West Virginia on the grounds of diversity of citizenship. There is complete diversity of citizenship between the real parties in interest and the amount in controversy has been met or exceeded.

26. Additionally, this Court has supplemental jurisdiction over any potentially remaining state law claims contained in the Complaint, pursuant to 28 U.S.C. §1367.

27. In accordance with 28 U.S.C. § 1446(a), a copy of all pleadings, process, and/or orders received by the Defendants, as of this date, and a copy of the docket sheet, are attached to this Notice of Removal as Exhibits A and B.

28. In accordance with 28 U.S.C. § 1446(d), Plaintiff is being served with a copy of this Notice of Removal. Additionally, a copy of this Notice of Removal is being filed with the Circuit Court of Raleigh County, West Virginia. All other requirements for removal pursuant to 28 U.S.C. § 1446(d) and the applicable rules have been complied with.

29. By filing this Notice of Removal, the Defendants do not waive any defenses. These Defendants expressly reserve all available defenses.

WHEREFORE, Girish Kolpuru, M.D. and Peachtree Inpatient Consulting, LLC file this Notice of Removal and remove this action to the United States District Court for the Southern District of West Virginia, Beckley, West Virginia.

(This space intentionally left blank)

PLAINTIFF IS HEREBY NOTIFIED to proceed no further in state court proceedings previously pending in the Circuit Court of Raleigh County, West Virginia.

**GIRISH KOLPURU, M.D. and
PEACHTREE INPATIENT
CONSULTING, LLC,
By Counsel**

<u>s/ Maria Marino Potter</u>
Maria Marino Potter, WVSB #2950
E. Taylor George WVSB #8892
MacCorkle Lavender PLLC
300 Summers Street, Suite 800
Post Office Box 3283
Charleston, WV 25332.3283
(304) 344-5600
(304) 344-8141 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Beckley

BARBARA LANE AS ADMINISTRATRIX
OF THE ESTATE OF MAMIE WEAVER,

v.  Civil Action No. _____

Judge _____

NICHOLAS P. KONNOVITCH, PHARM. D.
RALEIGH GENERAL HOSPITAL, LLC,
A West Virginia Limited Liability Company,
ARABINDA BEHURA, M.D.,
ELIZABETH T. NELSON, M.D.,
GIRISH KOLPURU, M.D. and
PEACHTREE INPATIENT CONSULTING, LLC,
a Foreign Limited Liability Company,

Defendants.

## CERTIFICATE OF SERVICE

I, hereby certify that on February 2, 2016, I presented the foregoing **Notice Of Removal Of Defendants Girish Kolpuru, M.D. And Peachtree Inpatient Consulting, LLC** to the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

W. Stuart Calwell, Jr. (WVSB #0595)
Benjamin Adams (WVSB #11454)
The Calwell Practice, LC
Law and Art Center West
500 Randolph Street
Charleston, WV 25302
304-343-4323 – 304-344-3684 (F)
*Attorney for Plaintiff*

Stephen S. Burchett, (WVSB #9228)
Offutt Nord Burchett, PLLC
P. O. Box 2868
Huntington, WV 25728
(304) 529-2868/(304) 529-2999 (F)
Attorney for Defendants
Nicholas P. Konnovitch and
Raleigh General Hospital, LLC

*s/ Maria Marino Potter*
Maria Marino Potter, WVSB #2950
E. Taylor George WVSB #8892
MacCorkle Lavender PLLC
300 Summers Street, Suite 800
Post Office Box 3283
Charleston, WV 25332.3283
(304) 344-5600
(304) 344-8141 (Fax)