### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

BARBARA LANE,
*as Administratrix of the*
*Estate of Mamie Weaver*,

                        Plaintiff,

v.                               CIVIL ACTION NO.   5:16-cv-01245

NICHOLAS P. KONNOVITCH,
et al.,

                        Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Motion to Remand and For Expenses* (Document 4), the *Memorandum of Law in Support of Plaintiff's Motion to Remand and For Expenses* (Document 5), the *Response of Defendants Girish Kolpuru, M.D. and Peachtree Inpatient Consulting, LLC to Plaintiff's Motion to Remand and For Expenses* (Document 8), and the *Plaintiff's Reply to the Response of Defendants Girish Kolpuru, M.D. and Peachtree Inpatient Consulting, LLC to Plaintiff's Motion to Remand and For Expenses* (Document 9), together with all attached exhibits.  For the reasons stated herein, the Court finds that the Plaintiff's motion should be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The Plaintiff, Barbara Lane as Administratrix of the Estate of Mamie Weaver, initiated this action with a complaint filed in the Circuit Court of Raleigh County on February 6, 2016.  She

---

1 Factual allegations are taken from the Plaintiff's complaint; jurisdictional facts are taken from all pleadings.

named the following Defendants: Nicholas P. Konnovitch, Pharm. D.; Raleigh General Hospital, LLC; Arabinda Behura, M.D.; Elizabeth T. Nelson, M.D.; Girish Kolpuru, M.D.; and Peachtree Inpatient Consulting, LLC.   Dr. Behura and Dr. Nelson were voluntarily dismissed with prejudice on October 30, 2015.   Ms. Lane is a West Virginia citizen.   Mr. Konnovitch is also a West Virginia citizen, and Raleigh General Hospital is located in West Virginia.   Dr. Kolpuru is an Indian citizen in the United States on a non-immigrant H-1B visa and is not a lawful permanent resident of the United States.   Peachtree is a Tennessee company with its principal place of business in Tennessee.

In this wrongful death action, the Plaintiff alleges that Ms. Weaver was admitted to Raleigh General Hospital on February 23, 2013.   On March 1, 2013, Mr. Konnovitch, a hospital pharmacist, entered buprenorphine onto her medication discharge summary, although no physician had ordered it.   Buprenorphine must be used with caution with patients with Ms. Weaver's conditions, including chronic obstructive respiratory function and pneumonia.   Ms. Weaver was given a total of eight doses of buprenorphine from March 1 until March 3, 2013.   On March 3, 2013, Dr. Kolpuru ordered Ativan, which was given to Ms. Weaver at 9:08 p.m.   She died at 10:00 p.m.   The Plaintiff alleges medical malpractice against the physicians, negligence against Mr. Konnovitch, and vicarious liability against Raleigh General and Peachtree.

As a result of mediation, the Plaintiff agreed to a resolution with Mr. Konnovitch and Raleigh General.   The Plaintiff filed a petition for approval of the wrongful death settlement in state court on November 12, 2015, and a hearing was held on December 14, 2015.   During the hearing, the judge indicated that the settlement would be approved after the Plaintiff supplied details and signatures related to the proposed distribution.   The Plaintiff supplied such details in

2

a supplement to her petition on December 30, 2015.   The Circuit Court of Raleigh County issued

an order approving the settlement distribution on January 25, 2016, which counsel for Dr. Kolpuru

and for Peachtree received on February 1, 2016.   Dr. Kolpuru and Peachtree filed their *Notice of*

*Removal* (Document 1) on February 2, 2016.   The Plaintiff moved for remand on February 23,

2016, and the motion is now fully briefed.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the

district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[2]   This Court has original

jurisdiction of all civil actions between citizens of different states or between citizens of a state

and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or

value of $75,000, exclusive of interests and costs.   28 U.S.C. § 1332(a)(1)-(2).   Generally, every

defendant must be a citizen of a state different from every plaintiff for complete diversity to exist.

Diversity of citizenship must be established at the time of removal.   *Higgins v. E.I. Dupont de*

*Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district

court under Section 1441.   Section 1446(b)(3) provides that "if the case stated by the initial

pleading is not removable" defendants may remove within 30 days of receipt of "a copy of an

---

2    Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to
> the district court of the United States for the district and division embracing the
> place where such action is pending.

28 U.S.C. § 1441(a).

amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." However, cases may not be removed under Section 1446(b)(3) more than one year after commencement of the action, absent bad faith on the part of the plaintiff. 28 U.S.C. § 1446(c)(1). Further, where a non-diverse party is dismissed from a state action, whether removal is available depends upon whether the dismissal was voluntary on the part of the plaintiff. Only "[i]f the plaintiff voluntarily dismissed the state action against the non-diverse defendant, creating complete diversity," may the action be removed. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

It is the long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

**DISCUSSION**

The Plaintiff contends that removal was untimely, arguing that the case became removable when the Plaintiff moved for approval of the settlement, when the state court judge indicated during the hearing that the settlement would be approved upon his receipt of documentation regarding distribution of settlement funds, or when the Plaintiff filed the additional documentation required by the state court.   The Defendants contend that the case was not removable until after the state court approved the settlement, as is required in wrongful death actions.

As an initial matter, this case is removable pursuant to 28 U.S.C. § 1446(b)(3) because the Plaintiff voluntarily dismissed all non-diverse defendants within one year—first by dismissing Dr. Behura and Dr. Nelson, then by settling with Mr. Konnovitch and Raleigh General Hospital.    The issue for this Court to resolve is when the Defendants could first ascertain that the case had become removable.   28 U.S.C. § 1446(b)(3).   The Plaintiff relies on Judge Goodwin's analysis in *Allison v. Meadows* for the proposition that a case becomes removable when the defendant can "establish with a reasonable degree of certainty that dismissal of the non-diverse defendant is an inevitability," which may take place before a court order formally dismissing the non-diverse defendant is entered in state court.   No. 2:05-CV-00092, 2005 WL 2016815, at *2–3 (S.D.W. Va. Aug. 22, 2005).

In this case, unlike *Allison*, the wrongful-death settlement required court approval.   *See, e.g. York v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-CV-06582, 2013 WL 5504435, at *5 (S.D.W. Va. Oct. 3, 2013), aff'd, 592 F. App'x 148 (4th Cir. 2014) (Goodwin, J.) (distinguishing *Allison* because the state court in a wrongful death case was authorized to reject the proposed settlement.)   In most cases, an executed settlement agreement is fully enforceable, and a court

5

order dismissing defendants pursuant to such an agreement is a mere formality.   West Virginia Code Section 55-7-7 requires court approval of wrongful death settlements, including approval of the plan of distribution to beneficiaries.   Dismissal of the non-diverse party is not inevitable until the court has approved the settlement.[3]   Accordingly, the Court finds that the Defendants properly removed the case only after receipt of the state court's order approving the settlement.   The state court's order approving the partial settlement distribution was entered on January 25, 2016; the Defendants indicate that they received it on February 1, 2016.   They promptly removed to federal court on February 2, 2016, well within the thirty-day time period.[4]   Thus, the Plaintiff's motion to remand should be denied.

## CONCLUSION

WHEREFORE, following careful consideration, the Court **ORDERS** that the *Motion to Remand and For Expenses* (Document 4) be **DENIED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:   May 19, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

3 Indeed, the transcript of the wrongful-death settlement hearing reveals that the state court judge declined to accept the condition of confidentiality agreed upon between the parties.   (Hearing Tr. at 11:11–18:9, att'd as Pl.'s Ex. A) (Document 4-1.)   Though the parties ultimately continued with settlement, this alteration of the terms of the settlement demonstrates why court approval should not be taken for granted.

4 The Court notes that any delay beyond February 6, 2016, in this case would have barred removal based on the requirement that removal take place within one year from the filing of the case.   28 U.S.C. § 1446(c).